IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHNY GOODWIN,

      Plaintiff,                        No. CIV S-08-1150 GEB DAD P

     vs.

SACRAMENTO COUNTY
JAIL MEDICAL,

      Defendant.             ORDER

/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. See 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of

the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital

Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In the present case, plaintiff has identified "Sacramento County Jail Medical" as the sole defendant in this action. Plaintiff alleges that, on January 2, 2007, he woke up in a deep sweat and with a fast heart beat. He further alleges that he got up to use the restroom and lost consciousness. He notes that he woke up and found himself laying on the floor urinating.

Plaintiff alleges that a floor officer forced him to walk to the medical department, which in turn, sent him to U.C. Davis. Plaintiff later learned that he had suffered a T.I.A. stroke. In the "Relief" section of the form complaint, asking plaintiff to state briefly what he wants the court to do for him, plaintiff appears to request compensation for prison officials overlooking his medical needs.

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff elects to proceed with this action by filing an amended complaint, he should clarify who the defendants are in this matter. In his original complaint, plaintiff appears to claim that he received inadequate medical care when he suffered his T.I.A. stroke. In an amended complaint, plaintiff should identify by name who specifically failed to provide him with adequate medical care. "Sacramento County Jail Medical" does not appear to be a proper defendant in this matter.

In addition, plaintiff is advised that in Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs." In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his

medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

In an amended complaint, plaintiff must allege facts demonstrating how each defendant's actions rose to the level of "deliberate indifference."  In this regard, plaintiff should explain in specific terms how each defendant was involved in the denial of his medical care before, during, or after plaintiff suffered his T.I.A. stroke.  Plaintiff's original complaint fails to allege any specific causal link between the actions of a defendant and the claimed constitutional violations.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.[1]

---

[1] Plaintiff has filed what appear to be several supplements to his complaint.  For example, on June 4, 2008, plaintiff filed a number of disorganized documents claiming that they help demonstrate that he was discriminated against at the Sacramento County Main Jail and at Rio Cosumnes Correctional Center ("R.C.C.C.").  On the same day plaintiff filed document complaining about conditions of confinement he experienced while housed at R.C.C.C.  Plaintiff is advised that the court will not allow the piecemeal filing of supplements in this action.  See Local Rule 15-220.  If plaintiff chooses to file an amended complaint, he should identify each defendant by name and state therein all of the claims that he seeks to bring in this action.  If plaintiff seeks court review of any medical records or other forms of evidence in support of his

1         Also before the court are a number of requests from plaintiff.  First, plaintiff has

2 filed several requests for appointment of counsel.  The United States Supreme Court has ruled

3 that district courts lack authority to require counsel to represent indigent prisoners in § 1983

4 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional

5 circumstances, the district court may request the voluntary assistance of counsel pursuant to 28

6 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

7 Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

8         The test for exceptional circumstances requires the court to evaluate the plaintiff's

9 likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

10 light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

11 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances

12 common to most prisoners, such as lack of legal education and limited law library access, do not

13 establish exceptional circumstances that would warrant a request for voluntary assistance of

14 counsel.  In the present case, the court does not find the required exceptional circumstances.

15         Plaintiff has also filed a request that the United States District Court for the

16 Northern District of California transfer his case pending before that court to this court.  As noted

17 above, courts are required to screen complaints brought by prisoners seeking relief against a

18 governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

19 § 1915A(a).  When the Northern District screens plaintiff's complaint, it will determine whether

20 transfer of the case is proper.

21 /////

22 /////

23 /////

24 /////

---

25

26 claims, he should attach such documents to his amended complaint and organize them as exhibits.

6


Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's June 30, 2008 application to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

6. Plaintiff's May 30, 2008, June 4, 2008, June 5, 2008, and July 2, 2008 requests for appointment of counsel are denied.

7. Plaintiff's June 5, 2008 request for Northern District to transfer his case to this court is denied.

DATED: July 10, 2008.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
good1150.14a