IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHNY GOODWIN,

    Plaintiff,                   No. CIV S-08-1150 GEB DAD P

    vs.

SACRAMENTO COUNTY
JAIL MEDICAL,

    Defendant.          ORDER

/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed July 11, 2008, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

(9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 127 S. Ct. at 1965. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In his original complaint, plaintiff identified "Sacramento County Jail Medical" as the sole defendant in this action. Plaintiff alleged that, on January 2, 2007, he woke up in a deep sweat, a fast heart beat and that when he got up to use the restroom he lost consciousness. He alleges that when he awoke he found himself laying on the floor urinating. Plaintiff alleged that a floor officer forced him to walk to the medical department, which in turn, sent him to U.C. Davis Medical Center. Plaintiff alleges that he later learned he had suffered a T.I.A. stroke. In the "Relief" section of the form complaint, asking plaintiff to state briefly what he wants the court to do for him, plaintiff appears to request compensation due to prison officials allegedly overlooking his medical needs.

1   The allegations in plaintiff's original complaint were so vague and conclusory that
2  the court was unable to determine whether the current action was frivolous or failed to state a
3  claim for relief. (Order filed July 11, 2008.) The court advised plaintiff that, if he elected to
4  proceed with this action by filing an amended complaint, he should clarify who the defendants
5  are in this matter. (Id.) The court also advised plaintiff that in Estelle v. Gamble, 429 U.S. 97,
6  106 (1976), the Supreme Court held that inadequate medical care did not constitute cruel and
7  unusual punishment cognizable under § 1983 unless the mistreatment rose to the level of
8  "deliberate indifference to serious medical needs." (Id.)

9   In his amended complaint, plaintiff has named Dr. Quien as the sole defendant.
10 Plaintiff alleges "I had a stroke on Jan. 2, 07 and the Medical Doctor Quien on 2-East Medical
11 told me that I did not have a stroke." In the "Relief" section of the form complaint, asking
12 plaintiff to state briefly what he wants the court to do for him, plaintiff writes "I want to be
13 compensated. Here is a copie [sic] of my M.R.I. that will prove I had a stroke."

14   The allegations in plaintiff's amended complaint are again so vague and
15 conclusory that the court is unable to determine whether the current action is frivolous or fails to
16 state a claim for relief. The amended complaint does not contain a short and plain statement as
17 required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy,
18 a complaint must give fair notice to the defendants and must allege facts that support the
19 elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646,
20 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts
21 which defendant Quien or others engaged in that support his claims. Id. Because plaintiff has
22 failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be
23 dismissed. The court will, however, grant plaintiff a final opportunity to correct the noted
24 deficiencies in his complaint.

25   If plaintiff elects to proceed with this action by filing a second amended
26 complaint, he is advised once again that in Estelle v. Gamble, 429 U.S. 97, 106 (1976), the

1  Supreme Court held that inadequate medical care did not constitute cruel and unusual
2  punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate
3  indifference to serious medical needs." In applying this standard, the Ninth Circuit has held that
4  before it can be said that a prisoner's civil rights have been abridged, "the indifference to his
5  medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice'
6  will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir.
7  1980) (citing Estelle, 429 U.S. at 105-06).

8         In a second amended complaint, plaintiff must allege facts demonstrating how
9  defendant Quien's actions rose to the level of "deliberate indifference." At most, plaintiff's
10 amended complaint suggests that defendant Quien may have been negligent or engaged in
11 medical malpractice in providing treatment. In addition, if plaintiff files a second amended
12 complaint, he should clarify what relief he seeks. For example, if plaintiff believes he is entitled
13 to compensatory damages, he should state the amount he seeks from the named defendant or
14 defendants.

15        Plaintiff is reminded that the court cannot refer to prior pleadings in order to make
16 his second amended complaint complete. Local Rule 15-220 requires that an amended complaint
17 be complete in itself without reference to any prior pleading. This is because, as a general rule,
18 an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57
19 (9th Cir. 1967). Once plaintiff files a second amended complaint, the prior pleading no longer
20 serves any function in the case. Therefore, in a second amended complaint, as in an original
21 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

22        Accordingly, IT IS HEREBY ORDERED that:
23        1. Plaintiff's July 24, 2008 amended complaint is dismissed;
24        2. Plaintiff is granted thirty days from the date of service of this order to file a
25 second amended complaint that complies with the requirements of the Civil Rights Act, the
26 Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint

must bear the docket number assigned to this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice; and

    3. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

DATED: August 12, 2008.

                 /s/ Dale A. Drozd
                 DALE A. DROZD
                 UNITED STATES MAGISTRATE JUDGE

DAD:9
good1150.14am